**Michael Cedric CHILDRESS,
Plaintiff/Appellant,**

v.

**Charles BENNETT, M.D.,
Defendant/Appellee.**

Supreme Court of Tennessee,
at Nashville.

Aug. 5, 1991.

Rehearing Denied Sept. 30, 1991.

Robert L. Huskey, Manchester, for plaintiff/appellant.

William C. Moody, Nashville, for defendant/appellee.

## OPINION

O'BRIEN, Justice.

This is a medical malpractice action initiated as the result of an occurrence taking place on or about 19 March 1981. An earlier cause of action was filed and voluntarily dismissed. The complaint in the current proceeding was filed in March of 1985. The complaint alleges that on 19 March 1981 plaintiff sustained a personal injury accident which resulted in a laceration of his right wrist. His injuries included the severance of tendons and nerves of his wrist. He was treated in the emergency room of Harton Memorial Hospital in Tullahoma, Tennessee, by the defendant, Dr. Charles Bennett. Dr. Bennett gave him a preliminary examination, cleaned the injured area and sutured the laceration of his arm. The complaint alleges that plaintiff suffered a permanently disabling condition due to the failure of Dr. Bennett to exercise reasonable and due care in treating plaintiff's injuries.

The controversy before us concerns the deposition testimony of Dr. Gail Fields, an osteopath, with a specialty in orthopedic medicine and surgery, who was offered as a witness on behalf of the plaintiff. The trial judge excluded the deposition of Dr. Fields in its entirety on the premise he was not competent to testify under the provisions of T.C.A. § 29–26–115(b). Dr. Fields was licensed to practice medicine in Tennessee during the years pertinent to the inquiry in this case and met all the requirements of T.C.A. § 29–26–115(b), except that during the year preceding the date that the alleged injury occurred he was doing a residency in orthopedic surgery in Miami, Florida. Plaintiff moved the trial court to allow certain portions of Dr. Fields deposition into evidence and for a waiver of the requirements for expert witnesses set out in T.C.A. § 29–26–115(b). The motion was generally denied. The trial court granted an interlocutory appeal. Permission to appeal was granted by the Court of Appeals in accordance with T.R.A.P. 9.

The Court of Appeals concurred in the trial court's findings that Dr. Fields was not a practicing physician within the meaning of T.C.A. § 29–26–115. It also ruled a waiver of the requirements of the statute should not be granted. The trial court's judgment was reversed insofar as it held that all of Dr. Fields' testimony was barred

by the provisions of T.C.A. § 29–26–115(b). It was the opinion of that court that Dr. Fields' deposition concerning his examination and diagnosis of the plaintiff was admissible, having nothing to do with proving the three (3) elements of the cause of action.

Plaintiff poses the issue to be that the trial judge committed reversible error by denying the admission of all or part of the testimony of Dr. Gail Fields. He seems to say the evidence should be admitted because the testimony falls within the ambit of T.C.A. § 29–26–115, or at least under the waiver provision of the statute. The second prong of his argument is clearly stated to be that if Dr. Fields' deposition is not admissible in its entirety, that portion dealing with medical causation should be admissible under the reasoning in *Schaefer v. Larsen*, 688 S.W.2d 430 (Tenn.App.1984), in which the application for permission to appeal was denied by this Court.

Whatever fallibility we may have demonstrated by denying permission to appeal in *Schaefer* we trust is alleviated by the Court's decision in *Payne v. Caldwell*, 796 S.W.2d 142, 143 (Tenn.1990), in which it is clearly stated:

> We see no ambiguity or lack of clarity in the dictates of T.C.A. § 29–26–115. It provides unequivocally that each of the three basic elements of a medical malpractice action—the standard of care, the breach of the standard, and proximate cause—be proven by testimony of experts who were licensed and practicing in Tennessee or a contiguous bordering state during the year preceding the date that the alleged injury or wrongful act occurred. And, contrary to plaintiff's argument, we see nothing unusual or illogical in the inclusion of all three elements in the limitations on competency of witnesses set forth in Section (b). The proof of each element in a medical malpractice action is so entwined that it is difficult, if not impossible, for a witness to testify on the issue of causation without commenting, either expressly or tacitly, on the standard of care or whether or not it was breached. But whether unusual or not, or logical or not, the element of proximate cause is included and witnesses, to be competent to testify on the issue, must meet the licensing and geographical requirements of Section (b).

The foregoing decision disposes of plaintiff's issue concerning the geographic limitations imposed by T.C.A. § 29–26–115 and the use or partial use of the testimony of Dr. Fields in evidence except, in the event of reconsideration by the trial judge of the discretionary waiver provisions of subsection (b) of the statute. If the record contains a specific order denying the waiver provided for in subsection (b), it has eluded us. It must be conceded that this is an extraordinary case. The injury was incurred in the year 1981. Sometime later, apparently within the statutory limits, suit was filed by counsel, not of record in this case, and thereafter nonsuited. The action was refiled in the year 1985. For various and sundry reasons, some explained in the record, and others left entirely to our speculation, the case proceeded, to its ultimate appearance before this tribunal.

The trial judge, in granting an interlocutory appeal, appears to base his reasoning in denying plaintiff the use of Dr. Fields' deposition on his opinion that the Court of Appeals in rendering the judgment in *Schaefer, supra,* misread or misinterpreted the requirements of T.C.A. § 29–26–115(a)(3). He indicated his cognizance of the fact that his ruling placed the plaintiff in the position of having no proof as to medical causation and without the use of Dr. Fields' testimony, if the parties proceeded to trial, plaintiff could not withstand a directed verdict.

The basic purpose for courts and judges is to afford the citizenry a public forum to air disputes. *See Schaefer, supra,* at p. 433. It is our view that there can be no possible construction of the provision in subsection (b) of § 29–26–115 than to give a trial court the opportunity to utilize its discretion in the interest of equity and justice. *See Pyle By Pyle v. Morrison,* 716 S.W.2d 930, 933 (Tenn.App.1986). It seems apparent that, in the nearly ten (10) years in which this litigation has been struggling

through the courts, that if a medical witness, other than Dr. Fields, was available to the plaintiff to testify on the issue of causation one would have been found by now. To allow the admission of Dr. Fields' testimony would establish an issue of material fact on the subject of causation. It is not conclusive evidence any more than is the evidence to the contrary available to the defendant. The prime function and purpose of the judicial system is to settle, determine and end differences between contending parties. Tenn.Juris., 1983, Vol. 8, Courts, Sec. 2. Courts should not act arbitrarily in their judgments, and it is the general rule that courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having a claim adjudicated upon its merits. *See Stapp v. Andrews,* 172 Tenn. 610, 113 S.W.2d 749, 750 (1938). T.C.A. § 29–26–115(b) provides that "the court may waive this subsection when it determines that the appropriate witnesses otherwise would not be available." We are of the opinion that this is a proper case for the waiver provision in the statute to apply.

In his memorandum opinion granting defendant's motion to exclude the testimony of Dr. Fields, the trial judge observed that Dr. Fields qualified under T.C.A. § 29–26–115 to the extent that he was licensed to practice medicine in Tennessee at all pertinent times, but was not practicing his profession or specialty in the State or a contiguous or bordering state during the year preceding the date that the alleged injury occurred. Dr. Fields was clearly in the process of obtaining advanced training in Florida during the year in question. This is not an unusual practice for doctors or other professional people. It is not uncommon for practitioners in the sciences to take sabbaticals for the purpose of advanced study, research or improving their competence in their particular fields of endeavor. We do not consider such an absence from the State, of an otherwise qualified physician, to be a breach of T.C.A. § 29–26–115(b) to the extent that waiver should be denied.

We overrule the Court of Appeals in that regard. We remand the case to the trial court with directions to the trial judge to allow the deposition of Dr. Fields into evidence in order that the case may go to trial and allow a jury to determine the issues between the parties. Both parties have appealed to this Court therefore the costs on this appeal are divided equally between them.

REID, C.J., DROWOTA and ANDERSON, JJ., and RUSSELL, Special Justice, concur.