HOOD, Senior District Judge.
This is an appeal from the decision of the United States District Court for the Western District of Tennessee, granting Defendant-Appellee’s Motion for Summary Judgment. The district court dismissed Plaintiffs-Appellants’ claim for malpractice after determining that Plaintiffs could not support their medical malpractice claim, brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), with adequate opinion testimony as to the standard of professional care in Memphis, Tennessee, or a community demonstrably similar to Memphis, Tennessee, as required by Tenn.Code Ann. § 29-26-115(a). Plaintiffs appeal the district court’s decision, arguing that the locality rule of Tenn.Code Ann. § 29-26-115(a) should have been waived by the district court in this instance. In the alternative, Plaintiffs argue that the district court erred in granting Defendant’s second Motion for Summary Judgment having earlier denied Defendant’s first Motion for Summary Judgment, which also raised the issue of whether their opinion witness’s testimony was adequate under the locality rule. For the reasons stated below, the Court AFFIRMS the decision of the district court.
I. Factual and Procedural Background
James S. Carmon underwent surgery on November 5, 2002, which was intended to improve the poor circulation in his legs *903 resulting from peripheral vascular disease. Plaintiffs allege that, as a result of malpractice during that surgery, Carmon suffered paralysis of his right leg and paresis in his left leg and that a surgical catheter balloon was left in Carmon’s body, and that these conditions eventually led to his death. The surgery took place at the Veterans Administration Medical Center in Memphis, Tennessee.
A. Defendant’s First Motion for Summary Judgment Is Denied
As discovery progressed in the district court, Dr. Donald Patrick was designated by Plaintiffs as an opinion witness under Fed.R.Civ.P. 26. On June 11, 2007, Plaintiffs’ counsel received a letter from Dr. Patrick stating only that, in his opinion, Carmon’s operation was conducted “in such a manner that the ... complications occurred is a breach of the acceptable standard of care.”
The United States filed a first Motion for Summary Judgment on July 13, 2007, arguing in part that Dr. Patrick had failed to demonstrate his familiarity with the standard of care in Memphis, Tennessee, as required under Tennessee law. Plaintiffs then produced an affidavit from Dr. Patrick which stated, in relevant part, “I am familiar with the recognized standard of professional practice in the community where the injury to Mr. Carmon occurred. The standards of practice for these types of procedures are not local in nature, but national in nature due to the specialization required for this area of medical practice
On September 21, 2007, the district court denied the first Motion for Summary Judgment on the grounds that it was premature to strike Dr. Patrick’s report and grant summary judgment, even if Dr. Patrick’s letter report and affidavit were inadequate at that time, as Plaintiffs had indicated that Dr. Patrick would submit a more detailed report after receiving additional discovery from Defendant and following the deposition of Carmon’s attending physician.
B. Discovery Continues
Following the denial of the Defendant’s first Motion for Summary Judgment, Plaintiffs produced a document captioned “Rule 26(a)(1)(A) and (B) Report of Expert Witness,” in which Dr. Patrick affied that he was “familiar with the standard of care for physicians practicing medicine in the [sic] Memphis, Tennessee.” During the evidentiary deposition of Dr. Patrick on March 5, 2008, the following exchange occurred:
Q. It’s my understanding, Doctor, that your practice has primarily been in Arkansas since 1973, except for one year in Texas?
A. That’s correct.
Q. And we’re just a couple hours from Memphis, where we are right here in Searcy, and then Fort Smith—
A. It takes us two hours to get there.
Q. Is it fair to say that you’re familiar with the standard of care of thoracic surgeons in the Memphis, area, Doctor?
A. Yes, to the extent that there should be no difference in the way medicine’s practiced in Memphis, or frankly anywhere else in the United States.
On cross-examination, Dr. Patrick testified as follows:
Q. Is it your testimony that you are relying in your opinions on a national standard?
A. Yes.
On redirect, Dr. Patrick testified as follows:
Q. Is it fair to say that you’re familiar with the standards of care in Memphis?
*904 A. As much as I am in any other city where I haven’t practiced.
Q. Okay.
A. In the sense that—if you’re asking because I’ve done something in Memphis before, that there’s something about Tennessee law that you have to be in a adjacent state or something. But the bottom line is, it makes no difference whether you’re in New York City or Memphis or Timbuktu; the standards are the same.
Q. Is that because this is a vascular surgery speciality and that the standards are the same nationally for specialities such as this?
A. For all specialities, it’s the same.
C. Defendant’s Second Motion for Summary Judgment is Granted
During a March 20, 2008, status conference, the district court granted Defendant leave to file a second Motion to Dismiss or for Summary Judgment, which was then filed on April 21, 2008. Plaintiffs’ Response did not raise the issue of whether the locality rule of TenmCode Ann. § 29-26-115(a) could or should be waived by the district court, nor did it raise the issue of whether it was proper for the district court to decide the second Motion for Summary Judgment having previously denied Defendant’s first Motion for Summary Judgment, both of which raised arguments concerning the application of Tenn.Code Ann. § 29-26-115(a)’s locality rule. The district court granted Defendant’s Motion for Summary Judgment on October 15, 2008.
II. Standard of Review
This Court reviews the district court’s grant of summary judgment de novo. Mazur v. Young, 507 F.3d 1013, 1016 (6th Cir.2007). “Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law.” Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed. R.Civ.P. 56(c)). “Because we review the grant of summary judgment de novo, we may affirm the judgment on grounds other than those employed by the lower court, as long as the party opposing summary judgment is not denied the opportunity to respond.” Thornton v. Fed. Express Corp., 530 F.3d 451, 456 n. 2 (6th Cir.2008); see also Nance v. Goodyear Tire & Rubber Co., 527 F.3d 539, 553 (6th Cir.2008).
III. Analysis
A. Plaintiffs’ Arguments Are Waived on Appeal
On appeal, Plaintiffs argue that application of the locality rule stated in Tenn. Code Ann. § 29-26-115(a) may and should have been waived by the district court in this instance, citing Childress v. Bennett, 816 S,W.2d 314 (Tenn.1991). Plaintiffs next argue that the district erred in granting Defendant’s second Motion for Summary Judgment, having already denied Defendant’s first Motion for Summary Judgment, when both Motions addressed the issue of whether application of the locality rule would bar Dr. Perkins’ testimony. Neither of these arguments were raised before the district court and are waived on appeal to this Court. Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 552 (6th Cir.2008) (“[A]n argument not raised before the district court is waived on appeal to this Court.”).
B. Plaintiffs’ Arguments on Appeal Are Without Merit
Even if we were to determine that Plaintiffs’ arguments were not waived, we *905 conclude that they are without merit. Plaintiffs’ claim for malpractice under the Federal Tort Claims Act was properly dismissed as there was no issue as to any material fact and Defendant was entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Specifically, Plaintiffs’ designated opinion witness failed to demonstrate knowledge of the applicable standard of care in Memphis, Tennessee, the community in which the doctors who allegedly caused decedent’s injuries practice, as required in a medical malpractice case by Tenn.Code Ann. § 29-26-115(a). Plaintiffs have not identified any instance in which the “locality rule” of Tenn.Code Ann. § 29-26-115(a) may be waived by a court, nor was it error for the district court to grant Defendant’s Motion for Summary Judgment on this ground, even though it declined to do so upon Defendant’s earlier Motion for Summary Judgment. Without competent opinion testimony concerning that standard of care, Plaintiffs cannot meet their burden of establishing the local standard of care as required by Tennessee statute, and summary judgment was appropriate.
1. Tennessee’s Locality Rule under Tenn.Code Ann. § 29-26-115(a)(l) May Not Be Waived
The Federal Tort Claims Act, pursuant to which Plaintiffs’ bring them claim, provides that the United States may be liable for medical malpractice “if a private person would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred.” 28 U.S.C. § 1346(b)(1). Tennessee law provides that measure in the instant matter.
To obtain relief upon a claim uf medical malpractice in Tennessee, a plaintiff must present competent opinion evidence establishing each of the three elements set forth in Tenn.Code Ann. § 29-26-115(a): the applicable standard of care, the defendant’s violation of that standard, and a causal connection between the defendant’s conduct and the plaintiffs injury. Seavers v. Methodist Med. Ctr. of Oak Ridge, 9 S.W.3d 86, 93 (Tenn.1999); Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); Blocker v. Regional Med. Ctr. at Memphis, 722 S.W.2d 660, 661 (Tenn.1987); Hessmer v. Miranda, 138 S.W.3d 241, 244 (Tenn.Ct.App.2003). Tenn.Code Ann. § 29-26-115(a) also imposes a “locality rule” in medical malpractice cases, which serves as a measure of the competency of the proposed physician witness. See Fed.R.Evid. 601 (“in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.”). Thus, a plaintiff bears the burden of demonstrating “[t]he recognized standard of acceptable professional practice in the profession and the speciality thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred.” Tenn.Code Ann. § 29-26-115(a)(1).
“For the purpose of TenmCode Ann. § 29-26-115(a), the only relevant ‘community’ is the community in the which the defendant physician actually practices or in a similar community.” Kenyon v. Handal, 122 S.W.3d 743, 762 (Tenn.Ct.App.2003). The plaintiff must demonstrate that an opinion witness has knowledge of the standard of care applicable in the defendant’s community or in a community that the party demonstrates to be similar to that where the defendant practices medicine. Robinson v. Le Corps, 83 S.W.3d 718, 724 (Tenn.2002). If a plaintiffs opinion witness cannot demonstrate adequate knowledge concerning the medical resources and standards of care in the community in which the defendant practices, the plaintiffs claim must fail. Mabon v. *906 Jackson-Madison County Gen. Hosp., 968 S.W.2d 826, 831 (Tenn.Ct.App.1997); Cardwell v. Bechtol, 724 S.W.2d 739, 754 (Tenn.1987).
An opinion witness may not base his or her testimony solely on his or her familiarity with a national, regional, or statewide standard of professional practice. Johnson v. Pratt, No. W2003-02110-COA-R3-CV, 2005 WL 1364636, at *7 (Tenn.Ct.App. June 9, 2005) (no perm. app. filed); Kenyon, 122 S.W.3d at 762; Totty v. Thompson, 121 S.W.3d 676, 678-79 (Tenn.Ct.App.2003); Howell v. Baptist Hosp., No. M2001-02388-COA-R3-CV, 2003 WL 112762, at *8 (Tenn.Ct.App. Jan.14, 2003). While an opinion witness’s discussion of a broader standard of care does not require exclusion of the testimony, it may not substitute for evidence that establishes the locality requirements of Tenn.Code Ann. § 29-26-115(a)(l). See Stovall v. Clarke, 113 S.W.3d 715, 722 (Tenn.2003); Robinson, 83 S.W.3d at 724; Taylor v. Jackson-Madison County Gen. Hosp. Dist., 231 S.W.3d 361, 366 (Tenn.Ct.App.2006). Nor is it sufficient for an opinion witness to merely assert familiarity with the local standard of care to demonstrate knowledge under the statutory standard. Allen v. Methodist Healthcare Memphis Hosp., 237 S.W.3d 293, 295-96 (Tenn.Ct.App.2007) (locality rule not satisfied where doctor from Nashville offered testimony as to standard of care in Memphis without showing of similarity in communities or other basis for knowledge); Eckler v. Allen, 231 S.W.3d 379, 385-87 (Tenn.Ct.App.2006); Mabon, 968 S.W.2d at 831. Rather, the opinion witness must indicate the basis for his or her familiarity with the local standard of care. Robinson, 83 S.W.3d at 724; Williams v. Baptist Mem’l Hosp., 193 S.W.3d 545, 553-54 (Tenn.2006). This must be firsthand knowledge “gained ‘in person without the intervention-of another.’ ” Allen, 237 S.W.3d at 295-96 (quoting Eckler, 231 S.W.3d at 386).
Statutory and precedential framework aside, we find that Plaintiffs’ case is nearly indistinguishable from Robinson. In Robinson, the plaintiffs attempted to establish the standard of professional care in Nashville—the relevant community—by proffering a doctor who was licensed in Tennessee but practiced in Johnson City, Tennessee. Robinson, 83 S.W.3d at 724. The doctor testified only that the applicable standard of care in Nashville “would be expected” to be the same as the national standard of care with which he was familiar. Id. The doctor also testified that orthopaedic surgeons—which was the defendant’s speciality—“would stand the same test and would be expected to have the same knowledge and to practice in very similar fashions by the American Board of Orthopaedic Surgeons.” Id. at 724-25. The doctor, however, did not make any attempt to relate the basis for his knowledge of the standard of care in Nashville or explain why the Nashville medical community was similar to the community where the doctor himself practiced. Id. at 725. Based on this evidence, the Tennessee Supreme Court ruled that the testimony was not sufficient to establish the standard of care in the relevant community under the locality rule and was thus appropriately denied admission at trial. Id.
Likewise in, the instant case, Plaintiffs offered no evidence that Dr. Patrick has any personal knowledge of the relevant standard of medical care in Memphis or in a community demonstrably similar to Memphis. In his affidavits, dated August 10, 2007, and February 14, 2008, Dr. Patrick stated that he was “familiar with the recognized standard of professional practice in the community where the injury to [Decedent] occurred,” but qualified his assertion by stating that “the standards of practice for these types of procedures are not local in nature, but national in nature *907 due to the specialization required for this area of medical practice.” In his deposition, Dr. Patrick testified that he was familiar with the standard of care for thoracic surgeons in the Memphis area “to the extent that there should be no difference in the way medicine’s practiced in Memphis, or frankly anywhere in the United States.” Furthermore, although Dr. Patrick testified that he practiced in Searcy, Arkansas, “just a couple of hours from Memphis,” neither Dr. Patrick nor any other witness offered evidence that Searcy, Arkansas, or any other community with which Dr. Patrick was familiar is similar to Memphis, Tennessee. Accordingly, we find Robinson controlling and similarly rule that, notwithstanding the fact that Dr. Patrick practiced in other communities and was familiar with the national standard of care, the evidence provided by Plaintiffs is simply not enough to meet the locality requirement of TenmCode Ann. § 29-26-115(a).[1]
Nor may courts waive the locality rule, as Plaintiffs argue, citing Childress v. Bennett, 816 S.W.2d 314 (Tenn.1991). Childress did not address the locality rule stated in TenmCode Ann. § 29-26-115(a). Rather, the Childress court was concerned with a second part of the locality rule, found in TenmCode Ann. § 29-26-115(b), which requires that an opinion witness in a malpractice case be licensed to practice in Tennessee or a contiguous bordering state in the year preceding the date of the alleged injury or wrongful act. Childress, 816 S.W.2d at 316. As recognized in Childress, TenmCode Ann. § 29-26-115(b) explicitly provides that its requirements may be waived by the trial court. Id. Tenn. Code Ann. § 29-26-115(a) includes no such provision for waiver, and TenmCode Ann. § 29-26-115(b)’s waiver provision is not applicable to subsection (a). Thus, the district court could not have waived the locality rule of Tenn.Code Ann. § 29-26-115(a).
2. District Court Has Inherent Power to Reconsider Interlocutory Orders Before Entry of Final Judgment
Finally, there is no merit to Plaintiffs argument that the trial court erred in granting Defendant’s second Motion for Summary Judgment, having earlier denied Defendant’s first Motion for Summary Judgment. The district court had the power to act because no final judgment had been entered in the case, and “[district courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.” In re Saffady, 524 F.3d 799, 802-803 (6th Cir.2008) (quoting Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir.1991)).
VI. CONCLUSION
For all of the reasons stated above, the decision of the district court is AFFIRMED.

. The Tennessee Supreme Court also noted its discontent with the locality rule as a whole and suggested to the General Assembly that it be changed to account for the fact that national norms, especially with respect to specialized procedures such as the one in question here, are often representative of the local norms. Robinson v. Le Corps, 83 S.W.3d 718, 724 (Tenn.2002). We agree with the Tennessee Supreme Court and also encourage the General Assembly to address this issue. However, we are not only bound, as was the Tennessee Supreme Court, by the existing statute but are also bound by the Tennessee Supreme Court's interpretation of the locality rule provided in Robinson.