IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2010

**BENEDICTA KURUNWUNE OBI v. GEORGE OBI**

**Appeal from the Circuit Court for Davidson County**
**No. 08D-1360      Philip E. Smith, Judge**

**No. M2010-00485-COA-R3-CV - Filed June 1, 2011**

The trial court granted the wife a judgment of divorce after the husband failed to respond to requests for discovery and a motion to compel. After the judgment became final, the husband, who had been represented by counsel earlier in the proceedings, filed a *pro se* Rule 60 motion for relief, arguing that he was deprived of proper notice because the address on the certificates of service appended to each unanswered motion and notice was not accurate, with the result that he did not receive the motions and notices. The trial court denied the husband's Rule 60 motion, but since husband's address was incorrect on the certificates of service, we conclude the trial court erred and should have granted the husband relief from the parenting plan and child support provisions of the judgment. Accordingly, we reverse the trial court's order as to those provisions and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed in Part and Affirmed in Part**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT, J., joined. FRANK G. CLEMENT, JR., J., filed a concurring opinion.

George Obi, Nashville, Tennessee, Pro Se.

Phillip L. Davidson, Nashville, Tennessee, for the appellee, Benedicta Kurunwune Obi.

**OPINION**

**I. PRIOR PROCEEDINGS**

George Obi ("Husband") and Benedicta Kurunwune Obi ("Wife") were married and had two children. Wife filed a complaint for divorce on May 9, 2008. Husband filed an Answer denying Wife's grounds for divorce and denying Wife was entitled to the relief she was seeking.

Wife served discovery on Husband, which Husband did not respond to, prompting Wife to file a Motion to Compel. The parties agreed Husband would have an additional twenty days in which to respond to Wife's discovery, and the parties' counsel jointly filed an Agreed Order on December 11, 2008. The Agreed Order is the last document in the record indicating that either Husband or his counsel participated in the divorce proceedings until November 24, 2009, when Husband filed a motion *pro se* under Rule 60 of the Tennessee Rules of Civil Procedure asking the court to set aside its judgment granting Wife a divorce.

When Wife filed her complaint Husband was living in Antioch, and the Complaint was properly served on him at his residence, which was not on Millwood Lane. At some point after the Complaint was served, however, Husband moved to Millwood Lane in Nashville, but not at the address listed on subsequent certificates of service. He apparently never received any of the filings in this case at that address from that time forward.

On January 9, 2009, shortly after the parties' Agreed Order was entered, Husband's counsel filed a motion to withdraw from representing Husband. Husband's counsel's certificate of service indicated Husband was served by first class mail at 305 Millwood Drive, C-139. This was the first appearance in the record of the incorrect address for Husband. On January 16, 2009, the circuit court held a hearing on this motion, and by Order entered February 12, 2009, it granted Husband's counsel's motion to withdraw from the case. The court instructed Husband to obtain new counsel within 15 days or proceed *pro se.* This order from the court contained a certificate of service indicating that Husband was being served by mail at 305 Millwood Drive, C-139.

On January 30, 2009, and again on February 4, 2009, Wife filed a motion to set trial and hold a hearing on her motion to compel. The certificates of service attached to her motions indicated Wife was serving Husband by mail at 305 Millwood Drive, C-135.

On March 11, 2009, the court issued an order granting Wife's motion to compel, and ordered as follows:

> [T]he Defendant should have ten (10) days from the entry of this Order to respond to the Plaintiff's discovery request. If the Defendant does not answer the Plaintiff's discovery request within this time period, the Defendant's pleadings shall be dismissed.

Wife's counsel approved the entry of this order and certified that he sent this order to Husband at 305 Millwood Drive, C-135. Each additional document Wife's counsel filed with the court contained a certificate of service indicating Husband was being served by mail

at 305 Millwood Drive, C-135.[1]

On May 20, 2009, the circuit court entered an Order dismissing Husband's Answer because Husband had failed to respond to Wife's discovery as ordered on March 11. Then, following a hearing on June 24, 2009, the court granted Wife a Final Judgment of Divorce dated September 11, 2009. The court based its order on Wife's testimony, witnesses who apparently testified in court, and the documentary record. Among other things, the court adopted the Parenting Plan Wife submitted, awarded Wife custody of the parties' one remaining minor child, and ordered Husband to pay Wife child support in the amount of $131.00 each week. Again, Wife's counsel approved the entry of this final judgment and certified he sent the final judgment to Husband at 305 Millwood Drive, C-139.

On November 24, 2009, Husband, acting *pro se*, filed a Tenn. R. Civ. P. 60 motion for relief and to set aside the judgment.[2] In his motion, Husband explained he did not reside at the address included in the certificates of service attached to Wife's court filings after his counsel withdrew from representing him, and that he "was never served with notice of the proceedings." Husband wrote: "I do not reside in that address and have never resided in that address. I was therefore denied the opportunity to present my side of the issue." Husband also explained in his motion that he is a full-time student, he is currently unemployed, and that the amount Wife listed in the Child Support Worksheet as Husband's monthly income was incorrect. Husband asserted Wife's income and retirement benefits were much higher than his income and that the weekly amount of child support the court ordered Husband to pay was more than what Husband was able to pay. Husband also complained the Parenting Plan Wife submitted, that the court adopted, denied Husband the parental rights to which he is entitled.

The court held a hearing on January 25, 2010 to consider Husband's Rule 60 motion, which it denied in an Order dated January 29, 2010. In support of its decision, the court wrote:

> 1. The Court entered an Order on February 12, 2009, granting the Defendant's attorney of record J. Todd Faulkner, permission to withdraw. In that same Order, the Court gave the Defendant fifteen (15) days to obtain law counsel or proceed *pro se.*

---

[1]According to Husband, however, he resided at 319 Millwood Drive, not 305 Millwood Drive.

[2]It is not apparent from the record how Husband ultimately learned of the Final Judgment of Divorce, but clearly he became aware of it at some point after it was entered.

2.  The Defendant did not obey the Court's Order, failing to notify the Court and the attorney for the Plaintiff of his future intentions in this case.

3.  The Defendant claims the address listed on the February 12, 2009 Order was incorrect.  If this was true, Defendant had a duty to provide the Plaintiff and the Court of his correct address.  Defendant's failure to provide the Plaintiff and the Court with his correct address prevents him from complaining of a lack of notice of subsequent actions by the Plaintiff and the Court.

Husband, acting *pro se*, duly filed a notice of appeal.  Husband claims the trial court erred in denying his Rule 60 motion because he did not receive notice of Wife's divorce proceedings once his attorney withdrew from the case and, through no fault of his own, he was unable to defend Wife's allegations against him.  Husband also claims he was denied due process of law.

## II. STANDARD OF REVIEW

We give great deference to the trial court in reviewing its decision to grant or deny relief pursuant to a motion filed under Rule 60.02 and will not set aside the trial court's ruling unless we find the court has abused its discretion.  *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)).  An abuse of discretion is found in the following circumstances:

a trial court has applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.  The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court.

*Henry*, 104 S.W.3d at 479 (citing *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (quotations and additional citations omitted)).

## III. RULE 60.02 MOTIONS

Tennessee Rule of Civil Procedure 60.02 provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons:  (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment

-4-

is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

The burden is on Husband to set forth facts explaining why the final judgment should be set aside. *Tennessee Dep't. of Human Serv. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985); *Tennessee State Bank v. Lay*, 609 S.W. 2d 525, 527 (Tenn. Ct. App. 1980). Husband did not specify in his Rule 60 motion which subsection he was relying on. However, in other cases in which a party has complained about not receiving notice of pleadings in similar circumstances, Tennessee courts have found subsections (1) and (5) to be applicable and to provide a basis for relief.

In *Henry v. Goins*, the plaintiffs filed suit to recover damages for personal injuries arising out of a traffic accident. 104 S.W.3d at 477. The trial court dismissed the case for the plaintiffs' failure to prosecute without providing any notice to the plaintiffs or an opportunity to be heard. *Id*. The plaintiffs filed a Rule 60.02 motion asking for their complaint to be reinstated, which the trial court granted. *Id*. at 478. The defendants appealed and this Court reversed the trial court's grant of the Rule 60.02 motion. *Id*. at 478-79. The plaintiffs appealed to the Tennessee Supreme Court, which reinstated the trial court's decision pursuant to the excusable neglect section of Rule 60.02(1). The Supreme Court explained that "[w]hen a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect." *Id*. at 480.

In determining whether lack of notice constitutes excusable neglect for purposes of Rule 60.02(1), the *Henry* court looked to cases involving default judgments and whether courts in those cases set aside default judgments pursuant to Rule 60.02(1) motions. *Id.* at 481. The court explained that a dismissal for failure to prosecute is similar to a default judgment because in both situations one party receives a judgment in his or her favor without a hearing on the merits, to the potential detriment of the other party(ies). *Id*.

The court described both dismissals for failure to prosecute and default judgments as "drastic sanctions" that are not favored by the courts. *Id*. The *Henry* court explained, "Dismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits." *Id*. (citing *Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (courts are reluctant to prevent litigants from having claims adjudicated on the merits) and *Tenn. Dep't of Human Serv. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (courts prefer trials on the merits to granting default judgments)); *see also Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003) (courts have a clear preference for deciding a case on the merits rather than

pursuant to a default judgment, and thus will construe Rule 60.02 liberally when default judgments are at issue).

The *Henry* court explained further:

> A request to vacate a default judgment in accordance with Rule 60.02 should be granted if there is reasonable doubt as to the justness of dismissing the case before it can be heard on the merits. . . .
>
> Because of the similarity between default judgments and dismissals, we find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1). Those factors include: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted.

*Henry*, 104 S.W.3d at 481 (citations omitted). The *Henry* court concluded the same factors should apply to cases in which a party is seeking relief from an order of dismissal under Rule 60.02(1). *Id*.; *see Reynolds*, 108 S.W.3d at 251 (court should grant relief pursuant to Rule 60.02(1) if court has any reasonable doubt about whether judgment should be set aside).

Applying the Rule 60.02(1) factors to the facts of *Henry*, the court explained:

> Turning to the first factor, the Henrys were not personally at fault for the sua sponte dismissal of their claims. The trial court's failure to provide notice that it was contemplating dismissal precluded the Henrys from addressing the merits of the dismissal for failure to prosecute before the final judgment was entered.

*Id*. at 482. Finding next that the plaintiffs had a meritorious claim and the defendants having to proceed to trial did not constitute prejudice, the *Henry* court concluded the Henrys demonstrated excusable neglect pursuant to Rule 60.02(1) and that the trial court did not abuse its discretion in reinstating the plaintiffs' complaint. *Id*. at 482.

Although the judgment in this case is technically not a default judgment since the trial court heard evidence, the effect was the same. The facts we have here are akin to the facts of *Henry*, because like the plaintiffs in *Henry*, Husband was not properly served with notice of Wife's divorce proceedings from the time his attorney withdrew from the case until after the court entered the final judgment granting Wife a divorce. There is no evidence in the

record to suggest Husband had independent knowledge of the proceedings after that date.[3] Without notice of Wife's proceedings against him, Husband was unable to defend against Wife's complaint and present evidence to counter Wife's charges against him. Under these circumstances, we conclude that Husband's failure to defend against Wife's complaint was not willful.

We now turn to the second factor to determine whether Husband has a meritorious defense. Husband states in his Rule 60 motion that he is a full-time student, he is not working, and he is collecting unemployment benefits. This information would be important for the trial court to consider in determining whether Husband should be required to pay any child support, and if so, what the proper amount should be. It does not seem Husband had any input into the Parenting Plan Wife proposed, which the court adopted without making any modifications. The Parenting Plan affects Husband's rights and financial obligations with respect to his children, and he should not be denied the opportunity to present his arguments to the court on these matters.

Finally, Wife has not demonstrated she will be prejudiced by granting Husband's Rule 60 motion as to the parenting arrangement and child support. Just as the *Henry* court concluded the defendants' having to proceed to trial did not constitute prejudice in that case, we conclude Wife's having to prove her case against Husband in a trial where both sides are provided the opportunity to present evidence in his or her favor does not constitute prejudice. *See Barbee*, 689 S.W.2d at 868 (where defendant's counsel withdrew from case and defendant did not receive notice of trial date, court concluded plaintiff was not prejudiced by having to try its case on the merits).

In addition to section (1) of Rule 60.02, courts have set aside judgments pursuant to section (5) in cases with facts similar to those here. In *Melton v. Bowman*, the Supreme Court explained that section (5) of Rule 60.02 "provides relief where there exist extraordinary circumstances and extreme hardship." 2001 WL 950008, at *3 (Tenn. 2001). In that case, the defendant had failed to comply with discovery, he was not represented by counsel by the time of trial, and he did not receive notice of the trial. *Id*. at *1-2. The trial court granted the plaintiff a default judgment and entered an award against the defendant in the amount of $47,205.33. *Id*. at *2. In response to the defendant's filing of a Rule 60.02 motion to set aside the default judgment, the court wrote:

---

[3]The trial court suggested in its Order dated January 29, 2010 that as a result of its Order on February 12, 2009, Husband was required to notify the court and Wife's attorney of replacement counsel or "of his future intentions in this case." However, the court did not send its February 12 Order to Husband's residence, so Husband cannot be charged with failing to comply with the court's Order.

Bowman's failure to inquire as to the status of the suit, his carelessness in not staying in touch with his attorney, and passive reliance on alleged assurances by Officer are mitigating factors against setting the judgment aside; however, "where there is a reasonable doubt as to whether a [final] judgment should be set aside . . . the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits."

*Id.* at \*3 (quoting *Keck v. Nationwide Sys., Inc*., 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973)); *see also Sullivan v. Sullivan*, 2008 WL 836365, at \*7 (Tenn. Ct. App. 2008) (default judgment entered in the absence of proper notice deprives wife of due process, and "can fairly be described as 'extraordinary circumstance,'" justifying setting aside the default judgment pursuant to Rule 60.02(5)); *McNair v. Smith*, 1999 WL 233404, at \*3-4 (Tenn. Ct. App. 1999) (default judgment entered against individual who had no notice of lawsuit constitutes unique, exceptional, or extraordinary situation, and under Rule 60.02(5), justice requires it to be set aside).

Husband also argues that in not receiving notice of actions in the divorce proceedings, he has been denied due process of law because he has been denied the opportunity to present his position. We agree. In several cases where defendants have claimed they did not receive notice of the plaintiff's proceedings and the courts have entered a default judgment without proof that the defendants had been served, courts have set aside the default judgments pursuant to Rule 60.02 motions because the defendants were denied due process. *See, e.g., McNair*, 1999 WL 233404, at \*4 (default judgment vacated because defendant did not receive notice of proceedings and constitutional right to due process requires notice and opportunity to be heard); *Pittman v. Pittman*, 1994 WL 456348, at \*4 (Tenn. Ct. App. 1994) (adequate notice is integral part of due process since the right to a hearing means little if affected parties are not informed of matter's pendency, and they are denied the opportunity to decide whether to appear or default, acquiesce, or contest); *see also Sullivan*, 2008 WL 836365, at \*7 (court awarded defendant property distribution alteration after granting default judgment to plaintiff because defendant was not properly served and fundamental requirement of due process is notice and opportunity to be heard).

Based on the case law and facts of this case, we conclude Husband has satisfied the requirements of Rule 60.02(1) and (5). Accordingly, we hold the trial court erroneously denied Husband's Rule 60 motion and failed to set aside those portions of the Final Judgment of Divorce that deal with the parenting arrangement and child support.

We decline, however, to vacate that portion of the judgment granting Wife a divorce. Husband does not seek relief from that part of the judgment, and possible prejudice to Wife, who had the legal status of an unmarried person after the judgment, weighs against setting

aside the divorce itself.

Thus, on remand, the case should be placed in the procedural posture it enjoyed prior to the erroneous address being used to notify Husband, except that the judgment of divorce remains in effect.

## IV. CONCLUSION

Concluding the trial court erred in denying Husband's Rule 60 motion, we reverse the trial court's January 29, 2010 Order denying Husband's Rule 60 motion. We vacate that portion of the Judgment of Divorce that addresses the Parenting Plan and child support and remand this case for further proceedings. The parties shall comply with the custodial terms of the Parenting Plan the trial court adopted into its Final Judgment until such time as the trial court modifies those terms. Going forward, Husband shall be relieved from making the weekly child support payments the trial court ordered in its Final Judgment until such time as the trial court revisits this issue and Husband has an opportunity to be heard. However, Husband shall not be entitled to recover any child support payments he has made thus far pursuant to the Final Judgment of Divorce entered on September 11, 2009.

Costs of this appeal shall be taxed to Wife, Benedicta Kurunwune Obi, for which execution shall issue, if necessary.

_____
PATRICIA J. COTTRELL, JUDGE