**FILED**

**May 6, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 11:14 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| **ROBERT PARRISH,**<br>**Employee,** | ) | **Docket No.: 2015-07-0467** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DIGIT DIRT WORX,**<br>**Employer,** | ) | **State File Number: 54013-2015** |
| | ) | |
| **And** | ) | |
| | ) | |
| **RIVERPORT INSURANCE CO.,**<br>**Insurance Carrier.** | ) | **Judge Allen Phillips** |

## EXPEDITED HEARING ORDER DENYING ADDITIONAL
## TEMPORARY DISABILITY BENEFITS
## (FILE REVIEW)

This matter came before the Court upon a Request for Expedited Hearing (REH) filed by the employee, Robert Parrish, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Parrish requested the Court decide his interlocutory claim for additional temporary disability benefits based on a review of the file without an evidentiary hearing. Digit Dirt Worx, the employer, filed a response asking that the hearing request be dismissed because Mr. Parrish filed it more than sixty days after the filing of the Dispute Certification Notice (DCN) or, in the alternative, that the Court "issue a ruling denying Employee's request for benefits." Digit did not request an evidentiary hearing.

The Court found that no additional information was needed to determine whether the employee is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.14(1)(c) (2015), the Court decided the request for benefits based on a review of the written

1

materials and without the benefit of an evidentiary hearing.[1]

Mr. Parrish contends he is entitled to additional benefits because the employer incorrectly calculated his weekly compensation rate; Digit maintains the rate is correct. Accordingly, the central legal issue is whether Digit paid temporary disability benefits to Mr. Parrish at the correct weekly compensation rate. For the following reasons, the Court finds Mr. Parrish has not come forward with sufficient evidence at this time to show Digit incorrectly calculated his weekly compensation rate.[2]

## History of Claim

On July 10, 2015, Mr. Parrish sustained an injury while working for Digit. (T.R. 1.) Digit paid Mr. Parrish temporary disability benefits and, based upon Mr. Parrish's argument herein, the Court assumes Digit paid temporary disability benefits for the entire period of Mr. Parrish's disability. However, in a Petition for Benefit Determination (PBD) filed on December 28, 2015, Mr. Parrish contests the rate at which he was paid by framing his dispute as: "I only worked 20 weeks. Berkley has me working 23 weeks. Just want to be paid fair." On March 31, 2016, Mr. Parrish filed an REH and attached an affidavit in which he alleged, verbatim:

> To whom it may concern, log sheet records show I was off work from 5/23/15 at 6:30 p.m. to 10 AM on 5/27/15. Earnings that week were 841.85$.
>
> Hotel receipts [sic] show I didn't work from 4/4/15 until 4/12/15. Records show that I made 1,020.39 on the week 4/4/15 thru 4/10/15, while I was in hotel.
>
> Hote [sic] receipt & log sheets show that I was off work from 7-1-15 at 1:00 pm until 7-6-15 at 2:45 pm. These dates are from my last two weeks of employment. It all doesn't work out.

Along with the affidavit, Mr. Parrish included a wage statement upon which he wrote the word "Hotel" and beside that wrote the following dates, collectively: February 6-8; April 4-13 and July 3-5, 2015. Mr. Parrish also attached hotel receipts for April 4, 5, 7, 9-12 and July 3, 2015. He attached driver logs from May 23, May 24-26, May 27 and

---

[1] In making a file review determination, the Court makes no decision as to the admissibility of the information submitted in the case file absent an objection from a party. Here, the employer filed a response to the expedited hearing request regarding the merits of the case, did not request an evidentiary hearing, and did not object to any of the information submitted by the employee. In fact, the employer submitted additional documentary evidence of Mr. Parrish's actual payroll records and an affidavit of its office manager.

[2] The Court has attached, as an Appendix to this Order, a complete listing of both the technical record and the exhibits it considered.

July 1-7, 2015. Mr. Parrish submitted no argument in support of his position.

Digit argues Mr. Parrish filed the REH more than sixty days after the filing of the DCN on January 21, 2016; namely, the REH was filed on March 31, 2016, "a full ten (10) days past the deadline to do so." *Employer's Response to Request for Expedited Hearing* at 2. Accordingly, Digit asks that the REH be "dismissed outright as untimely, or in the alternative, that it should be stayed and a Show Cause Hearing be conducted, at which point the matter should be dismissed." *Id.*

In the alternative, Digit argues it correctly calculated the compensation rate. It contends the wage statement reveals Mr. Parrish worked a period of twenty-three weeks and five days "rounding down for the Employee's benefit." *Id.* at 3. The wage statement indicates gross wages of $16,719.20 which, when divided by twenty-three weeks and five days (23.71), yields an average weekly wage of $705.15 and a compensation rate of $470.11. However, Digit, through its carrier, corresponded with Mr. Parrish on September 30, 2015, to the effect it divided the gross wages by only twenty-three weeks and the deduction of the five days resulted in an average weekly wage of $726.92 and a corresponding compensation rate of $484.64.

Digit contends Mr. Parrish "has put forth no legal basis to have the denominator of weeks reduced to any degree." *Employer's Response* at 3. In effect, the number of weeks included in the calculations should remain twenty-three and not be adjusted to twenty. Citing *Russell v. Genesco*, 651 S.W.2d 206, 210 (Tenn. 1983), Digit argues "an injured employee may deduct from his computation of the average weekly wage only those days missed as a result of 'sickness, disability, or other fortuitous circumstance.'" Mr. Parrish did not argue any of these circumstances are applicable to his case. In support of its position, Digit submitted the affidavit of its office manager, Ms. Cindy Garside, who stated Mr. Parrish never requested "time off due to illness or injury since his hire with the Employer in January 2015." *Employer's Response* at 3.

### Findings of Fact and Conclusions of Law

*Timeliness of filing*

As a preliminary matter, the Court must address Digit's argument that Mr. Parrish failed to file his REH within sixty days of the filing of the DCN. The pertinent regulation, Tennessee Compilation Rules and Regulations Rule 0800-02-21-.12(1) (2014), provides as follows:

> Immediately after a dispute certification notice has been filed with the clerk, either party seeking further resolution of any disputed issues shall file a request for hearing with the clerk.... If no request for hearing is filed *within sixty (60) calendar days after the date of issuance of the dispute*

3

*certification notice, the clerk shall docket the case and place the case on a separate dismissal calendar for a show cause hearing.* The clerk shall send notice of the hearing to the parties, via regular or electronic mail, indicating the claim number, the time of the hearing and the judge assigned to the case. *Either party may appear to show cause as to why the case should not be dismissed.*

(Emphasis added).

In *Smith v. The Newman Grp.*, LLC, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015), our Appeals Board noted the goal of efficiency and timeliness as required by the 2013 Reform Act. *Id.* at *9. But the Board also noted dismissals based on procedural grounds, such as failure to prosecute and default judgments, run counter to the judicial system's general objective of disposing of cases on the merits. *Id.* at *10; *see, e.g., Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (observing that "it is the general rule that courts are reluctant to give effect to rules of procedure . . . which prevent a litigant from having a claim adjudicated upon its merits"). The Appeals Board ultimately affirmed the refusal to dismiss the claim at a show cause hearing, finding instead that the "[e]mployee has submitted information showing that he intends to prosecute his claim and has shown sufficient cause that his case should not be dismissed." *Id.* at *11. The Board noted the Trial Court has discretion in interpreting sufficient cause. *Id.*

In *Johnson v. Wal-Mart Associates, Inc.*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. July 2, 2015), the employee did not file a Request for Hearing within sixty days of the issuance of the DCN. Once the employee filed a REH, the employer filed a motion to dismiss. *Id.* at *9. On appeal, the Board affirmed the Trial Court's denial of the motion to dismiss, noting that, "a show cause hearing is held so that the trial court can determine if the parties intend to take further action in the case." *Id.* at *10.

In this case, the Court finds the case was not placed upon the Court's show cause docket as of the date Mr. Parrish filed the REH. Hence, the Court had not conducted a show cause hearing. However, the Court finds Mr. Parrish indicated an intention to prosecute his claim by filing the REH. Given the relatively short period (ten days) between the technical deadline for filing and the actual filing, the Court finds sufficient cause to excuse Mr. Parrish from the late filing of the REH. However, the Court's leniency does not extend to its finding hereafter that Mr. Parrish has failed to come forward with sufficient evidence that he is likely to prevail at a hearing on the merits regarding his argument that Digit incorrectly calculated his compensation rate.

4

*Calculation of Compensation Rate*

Because this case is in a posture of an Expedited Hearing, Mr. Parrish must come forward with sufficient evidence from which this court might determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015); Tenn. Code Ann. § 50-6-239(d)(1)(2015). In analyzing whether he has met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither he nor Digit. *See* Tenn. Code Ann. § 50-6-116 (2015). Though Mr. Parrish has elected to represent himself, as is his right, he still "must comply with the same standards to which parties with legal counsel must adhere." *Thurmond v. Yates Services*, No. 2015-06-0240, 2015 TN Wrk. Comp. App. Bd. LEXIS 34, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 8, 2015).

In this case, Mr. Parrish questions the number of weeks he actually worked prior to his injury. Specifically, he argues he worked only twenty weeks rather than the twenty-three weeks calculated by Digit. However, when reviewing the dates Mr. Parrish claims he did not work, the Court calculates a total of sixteen days, a period of only two weeks and two days.[3] When deducting this period from Digit's calculation of twenty-three weeks, the difference is still greater than twenty weeks; twenty weeks and five days to be exact. Further, Mr. Parrish neither details why he believes twenty is the correct number of weeks nor does he provide a calculation of what he believes to be the proper compensation rate. Based on its own calculations, the Court finds Mr. Parrish's weekly compensation rate would be $557.33 if based upon a twenty week period. ($16,719.20/20 = $835.96 x 66 2/3%).

However, the Court finds the wage statement reveals Mr. Parrish worked at Digit for a period of twenty-three weeks and five days prior to his date of injury. When utilizing a period of twenty-three weeks and five days, the Court calculates a weekly compensation rate of $470.13 ($16, 719.20/23.71 x 66 2/3%). By letter of September 30, 2015, Digit's carrier advised Mr. Parrish it utilized a period of only 23 weeks which yields a compensation rate of $484.64 per week. ($16,719.20/23 x 66 2/3%). Thus, the rate utilized by Digit is greater than the rate actually reflected on the wage statement and works to the advantage of Mr. Parrish. Accordingly, from a purely mathematical standpoint, the Court cannot find Mr. Parrish's position supported by the evidence.

However, regardless of mathematics, the Court finds Tennessee law fails to support Mr. Parrish's argument. Our Workers' Compensation Law defines "average

---

[3] Based upon statements in his affidavit, the Court considers the dates of April 4, 5, 6, 7, 8, 9, 10, 11, and 12; May 24, 25 and 26; and July 2, 3, 4, and 5 as the dates Mr. Parrish contends he did not work.

weekly wage" as follows:

> (3)(A) "Average weekly wages" means the earnings of the injured employee in the employment in which the injured employee was working at the time of the injury during the period of fifty-two (52) weeks immediately preceding the date of the injury divided by fifty-two (52); but if the injured employee lost more than seven (7) days during the period when the injured employee did not work, although not in the same week, then the earnings for the remainder of the fifty-two (52) weeks shall be divided by the number of weeks remaining after the time so lost has been deducted;

> (B) Where the employment prior to the injury extended over a period of less than fifty-two (52) weeks, the method of dividing the earnings during that period by the number of weeks and parts of weeks during which the employee earned wages shall be followed; provided, that results just and fair to both parties will be obtained[.]

Tenn. Code Ann. § 50-6-102(3)(A)-(B) (2015).

The only wage statement submitted establishes Mr. Parrish's "rate per day" was "23% of what truck makes." Thus, Mr. Parrish did not earn, what our Supreme Court described in *Russell* as, "a given sum for a normal week." *Russell*, 651 S.W.2d at 209. In such instances, an employee's "actual wages should be used in computing the [employee's] average weekly wages." From these actual wages, the parties shall deduct lost days to the "extent sickness, disability, or some other fortuitous circumstance caused the loss" but, "there shall be no deductions for lost days caused by circumstances incident to [the] employment." *Id.* Examples of "fortuitous circumstances" are the closing of a plant for repairs, the loss of work due to weather, or a reduction of work because of a shortage of materials or lack of orders. *Cantrell v. Carrier Corp.*, 193 S.W.3d 467, 472 (Tenn. 2006). "On the other hand, an employee whose work hours vary from week to week will not be given the benefit of the deduction of days not worked if the employer simply had less work for the employee." *Id.*[4]

In this case, Mr. Parrish argues for the exclusion of certain days based upon driving logs and evidence he stayed in hotel rooms on several dates. Three of the driving logs reveal he did not drive on May 24 to May 26, 2015. However, in that week, he

---

[4] The Court is aware our Supreme Court stated in *Cantrell* stated that its "holding is consistent with the purposes of the Tennessee Workers' Compensation Law," referring to the former equitable construction required in pre-July 1, 2014 cases. *See Cantrell*, 193 S.W.3d at 472. However, this statement follows the Court's precise holding that the weeks where short term disability benefits are paid by an employer should be excluded from the calculation of average weekly wages. The Court finds no reason to abandon *Cantrell's* logic of not deducting "short" weeks when calculating the average wages of variable earning employees even after abrogation of the liberal presumption. The current definition of average weekly wage as requiring a result "fair and just to both parties" is entirely consistent with the current requirement of an impartial analysis.

6

earned $841.85, an amount greater than his average weekly wage even under a twenty-week division. Other logs indicate he spent three and one-quarter hours driving on July 1 but then was "off" from July 2 through July 5. Nevertheless, he earned wages of $1,409.70 in the week of June 27 through July 3 and wages of $444.16 in the week of July 4 through July 10. These logs, juxtaposed against the earnings history, confirm the variable nature of his weekly wages. Likewise, this Court finds Mr. Parrish's frequent hotel lodging to be what the *Russell* court called "a normal and recognized incident" of his regular employment as a truck driver. *Russell*, 651 S.W.2d at 209. These indicia of hotel registration do not lend support to an argument that the weeks including hotel stays should be excluded from the calculation of his weekly wages. Instead, they are but confirmation of the variable nature of his employment hours.

Considering the evidence at this interlocutory stage in its totality, the Court finds no reason to deviate from the statutorily consistent method of calculation followed by Digit.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Parrish's claim for additional temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Status) Hearing on June 6, 2016, at 9:00 a.m. Central time.

**ENTERED this the 6th day of May, 2016.**

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

**Initial (Status) Hearing:**

An Initial (Status) Hearing has been set with **Judge Allen Phillips, Court of Workers' Compensation Claims. You must call 731-422-5263 or toll-free at 855-543-5038 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

8

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

The Court designates the following documents as the Technical Record:

1. Petition for Benefit Determination, filed on December 28, 2015;
2. Dispute Certification Notice, filed on January 21, 2016;
3. Request for Expedited Hearing, filed on March 31, 2016;
4. "Order Extending Time For Employer To Respond To Expedited Hearing Request," April 8, 2016; and
5. "Employer's Response To Request For Expedited Hearing," April 16, 2016.

The Court considered the following documents in reaching its decision. It designates them as Exhibits for sake of reference:

1. Affidavit of Robert Parrish;
2. Affidavit of Cindy Garside;
3. Wage Statement (including notations made by Mr. Parrish);
4. Payroll Records of Mr. Parrish;
5. Hotel receipts submitted by Mr. Parrish;
6. Driver logs submitted by Mr. Parrish;
7. Bank statements of Mr. Parrish; and,
8. Correspondence from Digit's carrier to Mr. Parrish regarding compensation rate.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of May, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Robert Parrish, Self-represented | | | X | robertj777@icloud.com |
| A. Allen Grant, Esq. Employer's Counsel | | | X | agrant@morganakins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

10