IN THE SUPREME COURT OF TENNESSEE
January 6, 2021 Session[1]

## REGIONS BANK v. NATHAN I. PRAGER

**Appeal by Permission from the Court of Appeals
Circuit Court for Shelby County
No. CT-003321-17  James F. Russell, Judge**

————————————————————

**No. W2019-00782-SC-R11-CV**

————————————————————

The issue in this appeal is whether the Plaintiff's lawsuit is barred by the doctrine of res judicata.  The Plaintiff originally filed suit against the Defendant in the Circuit Court for Shelby County in May 2014.  Unbeknownst to the parties, the trial court sua sponte dismissed the lawsuit for failure to prosecute.  Upon learning of the dismissal over ten months later, the Plaintiff moved to set aside the dismissal.  The trial court denied the Plaintiff's request to set aside the dismissal but, articulating an erroneous reading of Rule 41.02(3) of the Tennessee Rules of Civil Procedure, entered an order that stated the dismissal did not bar the Plaintiff from refiling its lawsuit.  When the Plaintiff refiled its lawsuit in August 2017, the Defendant filed a motion to dismiss based on the doctrine of res judicata.  Despite language to the contrary in its prior order, the trial court granted the Defendant's motion, holding that the dismissal of the original lawsuit operated as an adjudication on the merits.  A divided panel of the Court of Appeals affirmed the trial court's dismissal of the second lawsuit.  We conclude that the doctrine of res judicata does not bar the Plaintiff's lawsuit.  Accordingly, we reverse the decision of the Court of Appeals, vacate the trial court's judgment, and reinstate the Plaintiff's lawsuit.

**Tenn. R. App. P. 11 Appeal by Permission;
Judgment of the Court of Appeals Reversed;
Remanded to the Circuit Court**

JEFFREY S. BIVINS, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

---

[1] We heard oral argument through videoconference under this Court's emergency orders restricting court proceedings because of the COVID-19 pandemic.

Christopher W. Conner, J. Matthew Williams, Tyler C. Brown, Maryville, Tennessee, for the appellant, Regions Bank.

Joseph D. Barton, Millington, Tennessee, for the appellee, Nathan I. Prager.

## OPINION

### I.  FACTUAL AND PROCEDURAL BACKGROUND

In May 2014, Regions Bank ("the Plaintiff") filed a breach-of-contract lawsuit ("the first lawsuit") against Nathan I. Prager ("the Defendant") based on a promissory note executed by the parties in December 2011.  On August 11, 2016, the trial court sua sponte entered an order dismissing the first lawsuit ("the initial order of dismissal") based on the Plaintiff's failure to prosecute.  See Tenn. R. Civ. P. 41.02.  Although the record on appeal does not contain the initial order of dismissal, the parties agree that the order did not state whether the dismissal was with or without prejudice.  This fact is significant in that Rule 41.02(3) of the Tennessee Rules of Civil Procedure provides that, other than in the case of certain inapplicable exceptions, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41 . . . operates as an adjudication upon the merits."

However, neither party apparently received notice that the case had been placed on the dismissal docket, and neither party was served with the initial order of dismissal.  In fact, the parties continued to engage in discovery and settlement negotiations after entry of the initial order of dismissal.

The Plaintiff first learned of the existence of the initial order of dismissal over ten months later on June 29, 2017, when it attempted to file a motion in the first lawsuit. Having learned of the order, the Plaintiff filed a motion to set aside the dismissal, presumably pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.  Because the motion to set aside is not in the record, it is unclear what grounds the Plaintiff relied on in seeking relief.  The parties agree that the trial court denied the motion to set aside on July 25, 2017.  However, there is no order to that effect in the record.

The Plaintiff then filed a "Motion to Reconsider" in the wake of the July 25, 2017 denial of its motion to set aside.  The "Motion to Reconsider," like the motion to set aside, also is not in the record.  What is in the record is an "Order Denying Motion to Reconsider" and a transcript of the trial court's related verbal ruling, which was specifically incorporated by reference into the order.  The trial court conducted a hearing on the

- 2 -

"Motion to Reconsider" on July 28, 2017, three days after it had denied the motion to set aside. The trial court's verbal ruling, in its entirety, was as follows:

> Well, let me just make a few observations for you. Number one, this case has been on the books since May of 2014. My guess is it's had at least one trial date, probably more than one, and it ended up being continued. Cases earn their way on to a dismissal docket by not showing any activity whatsoever within at least one year prior to the date of the notice of the dismissal docket. That would have been the case here.
>
> Not only that, more than one year went by without anyone bothering to check on the status of the case to even find out that it had been dismissed for lack of prosecution.
>
> Now, I could grant your motion and set it on another dismissal docket, which we have active right now, and guess what, the case will be dismissed for lack of prosecution. If I set that order aside and put it on another dismissal docket, with notice given to you here and now verbally and in person, the case will be dismissed for lack of prosecution.
>
> Now with that said, *a dismissal for lack of prosecution under those circumstances is simply a dismissal pursuant to Rule 41. And unless it is designated, quote, with prejudice, underline the word, "With" here, it is neither with nor without prejudice and that doesn't bar you from refiling the suit.*
>
> *We went through that when you were here over a month ago. And that's where we still stand. You're welcome to refile the suit.* If you had been engaged in settlement negotiations and the rest of that sort of thing, my common sense approach would be to sit down at a comfortable place at a table with our clients together and come to some resolution and get it out of the way, instead of going through all of the gymnastics, if you will, *of getting this case back into court*, so to speak.
>
> Your motion is denied.

(Emphasis added). After the July 28, 2017 hearing, the trial court entered the corresponding "Order Denying Motion to Reconsider" on August 4, 2017. In the order, the trial court confirmed its dismissal of the first lawsuit for failure to prosecute pursuant

- 3 -

to Rule 41. The order did not specify whether the dismissal was with or without prejudice. However, mirroring the trial court's verbal ruling, the order expressly stated: "Unless [the dismissal pursuant to Rule 41] is designated 'with prejudice', [sic] it is neither with or without prejudice and that doesn't bar a refiling of the suit." Unfortunately, the trial court's language clearly represents an erroneous interpretation of Rule 41.02(3).

In light of the August 4, 2017 order, the Plaintiff refiled its lawsuit on August 8, 2017 ("the present lawsuit"). More than ten months later, in June 2018, the Defendant filed a motion to dismiss in which he asserted that the matter previously had been adjudicated on the merits pursuant to Rule 41.02(3), and thus the Plaintiff's claim was barred under the doctrine of res judicata. The Plaintiff filed a response to the motion to dismiss in which the Plaintiff detailed the history of the first lawsuit. The Plaintiff argued that the most recent order dismissing the first lawsuit—the August 4, 2017 order—governed the issue of whether the dismissal was an adjudication on the merits. According to the Plaintiff, the August 4, 2017 order made clear that the trial court had not intended to dismiss the first lawsuit with prejudice, and thus the Plaintiff was free to refile its lawsuit.

The trial court granted the Defendant's motion to dismiss the present lawsuit, finding simply that the motion was well-taken. Thereafter, the Plaintiff filed a "Motion to Reconsider."[2] At the hearing on this motion, the trial court commented:

> Well, let me say this, I've read everything that you all have given me now for this additional go around in this case. And I - - a good bit of emphasis has been placed upon what I would characterize as a side bar comment by the Court, you're welcome to refile the lawsuit. And I've been known to make side bar comments that were off target in other matters and I apologize if that that [sic] misled counsel for the [P]laintiff in this particular case.
>
> But to characterize that side bar comment as a, quote, ruling, you know, would be inappropriate, I think. And again, having reviewed the entire

---

[2] The Motion to Reconsider substantively consisted of little more than a reiteration of the Plaintiff's response to the Defendant's motion to dismiss. The Plaintiff's motion did not identify any rule of civil procedure as its basis. We recognize that "[n]o technical forms of pleading or motions are required," Tenn. R. Civ. P. 8.05, and thus courts should consider the substance of a motion rather than its title or form, Tenn. Farmers Mut. Ins. Co. v. Farmer, 970 S.W.2d 453, 455 (Tenn. 1998). However, the imprecision of a "Motion to Reconsider" risks confusion, and our courts have cautioned litigants against the use of a general "Motion to Reconsider." See, e.g., Harris v. Chern, 33 S.W.3d 741, 743 (Tenn. 2000); McCracken v. Brentwood United Methodist Church, 958 S.W.2d 792, 794 n.3 (Tenn. Ct. App. 1997); Savage v. Hildenbrandt, No. M1999-00630-COA-R3-CV, 2001 WL 1013056, at *8 (Tenn. Ct. App. Sept. 6, 2001).

matter now, yet again, and the Court is of the opinion that this motion is simply not well taken and cannot be granted and it will not be granted. I'll be careful about making side bar comments henceforth.

On the Plaintiff's appeal, a divided panel of the Court of Appeals affirmed the trial court's judgment dismissing the present lawsuit based on the doctrine of res judicata. Regions Bank v. Prager, No. W2019-00782-COA-R3-CV, 2020 WL 2319168 (Tenn. Ct. App. May 11, 2020), perm. app. granted, (Tenn. Sept. 18, 2020). The majority noted that the initial order of dismissal did not specify whether the dismissal was with or without prejudice. Id. at *3. Looking to Rule 41.02(3), the majority recognized that "[i]n the absence of language that indicates otherwise, this dismissal was therefore 'on the merits.'" Id. (citing Tenn. R. Civ. P. 41.02(3)).

The majority acknowledged that the trial court, in its August 4, 2017 order denying the Plaintiff's "Motion to Reconsider" in the first lawsuit, stated that unless the dismissal of the first lawsuit was designated "with prejudice," the dismissal was neither with nor without prejudice and did not bar the Plaintiff from refiling its lawsuit. Id. As the majority recognized, the trial court's explanation of the law "is in direct conflict with the plain language of Rule 41.02(3)." Id. The majority acknowledged that the "Plaintiff may have relied on the trial court's inaccurate summary of the substance of Rule 41.02." Id. at *4 n.3. Nevertheless, the majority concluded that the "operative order" was the initial order of dismissal. Pursuant to Rule 41.02(3), the majority held that the initial order of dismissal operated as an adjudication on the merits, and thus, the doctrine of res judicata barred the Plaintiff from reasserting its claim in the present lawsuit. Id. at *3.

Judge Stafford dissented. Judge Stafford was "unable to conclude that the initial order of dismissal was the trial court's final say on the matter." Id. at *6 (Stafford, J., dissenting). Noting that the parties did not receive notice of the initial order of dismissal and that the order was not in the record, Judge Stafford "doubt[ed] that the initial order of dismissal constituted a final judgment under Rule 58." Id. at *5 (Stafford, J., dissenting). Judge Stafford also noted that the trial court's August 4, 2017 order on the Plaintiff's "Motion to Reconsider" in the first lawsuit "substantively altered the order of dismissal in the first case." Id. at *6 (Stafford, J., dissenting). Accordingly, Judge Stafford considered the August 4, 2017 order to be "the operative order for purposes of the res judicata analysis." Id. at *7 (Stafford, J., dissenting). In Judge Stafford's view, the language of the August 4, 2017 order—and the trial court's verbal ruling that was incorporated into the order—sufficiently specified per Rule 41.02(3) that the dismissal of the first lawsuit did not operate as an adjudication on the merits. Id. (Stafford, J., dissenting). Thus, Judge Stafford concluded that the Defendant, whose burden it was to establish the elements of

res judicata, had not shown that the dismissal of the first lawsuit barred the Plaintiff's claim in the present lawsuit. Id. at *5, *9 (Stafford, J., dissenting).

We granted the Plaintiff's application for permission to appeal. We now have determined that, under the circumstances of this case and consistent with Rule 41.02(3), the involuntary dismissal of the first lawsuit did not operate as an adjudication on the merits. Accordingly, we hold that the doctrine of res judicata does not bar the present lawsuit.

## II.    ANALYSIS

We begin our analysis of whether the doctrine of res judicata bars the present lawsuit by recognizing that "[t]he prime function and purpose of the judicial system is to settle, determine and end differences between contending parties." Childress v. Bennett, 816 S.W.2d 314, 316 (Tenn. 1991). The doctrine of res judicata, or claim preclusion, long has served that purpose.[3] Res judicata "bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." Elvis Presley Enters., Inc. v. City of Memphis, 620 S.W.3d 318, 323–24 (Tenn. 2021) (quoting Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012)). The fundamental principle underlying the doctrine "is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." Restatement (Second) of Judgments, ch. 1, at 6 (Am. L. Inst. 1982).

"The primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." Napolitano v. Bd. of Pro. Resp., 535 S.W.3d 481, 496 (Tenn. 2017) (quoting Creech v. Addington, 281 S.W.3d 363, 376 (Tenn. 2009)). In light of its purposes, res judicata has been characterized as a "rule of rest." Jackson, 387 S.W.3d at 491 (quoting Moulton v. Ford Motor Co., 533 S.W.2d 295, 296 (Tenn. 1976); see also Restatement (Second) of Judgments, ch. 1, at 11 ("Finality, then, is the service rendered by the courts through operation of the law of res judicata. . . . It compels repose."). Thus, application of res judicata "is not based on any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." Moulton, 533 S.W.2d at 296; see also Restatement (Second) of Judgments § 19 cmt. a ("The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that

---

[3] The public policy supporting res judicata "has a long history in our state, even preceding the adoption of our 1870 Constitution." Creech v. Addington, 281 S.W.3d 363, 376 n.15 (Tenn. 2009).

fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end.").

### A. Elements of Res Judicata and Standard of Review

The party asserting the defense of res judicata bears the burden of demonstrating:

> (1)     that the underlying judgment was rendered by a court of competent jurisdiction;
>
> (2)     that the same parties or their privies were involved in both suits;
>
> (3)     that the same claim or cause of action was asserted in both suits; and
>
> (4)     that the underlying judgment was final and on the merits.

Elvis Presley Enters., 620 S.W.3d at 324 (citing Jackson, 387 S.W.3d at 491); Napolitano, 535 S.W.3d at 496. We have observed that "[a] party asserting a res judicata defense may generally prove its defense with a copy of the judgment in the former proceeding." Jackson, 387 S.W.3d at 492 n.10.

Res judicata is an affirmative defense, see Tenn. R. Civ. P. 8.03, and as such ordinarily must be included in the defendant's answer, Jackson, 387 S.W.3d at 491. In certain circumstances, however, the defense may be raised in a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Id. at 491–92 ("For a Tenn. R. Civ. P. 12.02(6) motion to be used as a vehicle to assert an affirmative defense, the applicability of the defense must 'clearly and unequivocally appear[] on the face of the complaint.'" (alteration in original)).

In this case, the Defendant asserted res judicata through a motion to dismiss even though the Plaintiff's complaint in the present lawsuit said nothing of the first lawsuit.[4] The Defendant did not attach the first lawsuit to his motion. Furthermore, although the Defendant made a passing reference to "orders appended" in his motion to dismiss, the record contains no such orders. Thus, so far as the record shows, the Defendant failed to attach a copy of the initial order of dismissal, the very judgment which he asserted has preclusive effect for the present lawsuit.

---

[4] The Defendant did not identify the specific provision under which he sought to pursue the defense.

Nevertheless, the Plaintiff has never questioned the propriety of the Defendant's pursuit of the defense through a motion to dismiss. In responding to the motion to dismiss the present lawsuit, the Plaintiff attached to its filings two documents from the first lawsuit: the August 4, 2017 order and the transcript of the trial court's incorporated verbal ruling. The trial court obviously considered these matters in ruling on the motion to dismiss, for the court specifically referred to its "side bar comment" from the transcript.

Tennessee law provides—and the parties agree in this Court—that a trial court's decision that a claim is barred by the doctrine of res judicata involves a question of law, which appellate courts review de novo without a presumption of correctness. Napolitano, 535 S.W.3d at 496; Jackson, 387 S.W.3d at 491. The parties have not addressed whether the procedural history of the present lawsuit required that the Defendant's motion to dismiss be treated as one for summary judgment. See Tenn. R. Civ. P. 12.02 (stating that "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the [Rule 12.02(6)] motion shall be treated as one for summary judgment"). The trial court's order was couched as granting the Defendant's motion to dismiss and stated little more than the motion was well-taken rather than the legal grounds for granting summary judgment. See Tenn. R. Civ. P. 56.04. However, the trial court clearly considered "matters outside the pleading" in resolving the Defendant's motion. See Tenn. R. Civ. P. 12.02.

These circumstances illustrate how the parties' practice in the trial court in the present lawsuit muddled the matter there and on appeal. Regardless, appellate review of a trial court's summary judgment decision is de novo without a presumption of correctness, Rye v. Women's Care Ctr. of Memphis, MPLLC, 477 S.W.3d 235, 250 (Tenn. 2015), consistent with our cases addressing review of a trial court's decision that a claim is barred by res judicata. Thus, in spite of the unorthodox manner in which the issue was litigated before the trial court, our review remains de novo without a presumption of correctness. Napolitano, 535 S.W.3d at 496; Jackson, 387 S.W.3d at 491.

### B. *Application of Res Judicata to the Present Lawsuit*

In this case, there is no dispute that the first three elements of the defense of res judicata are satisfied. The controversy centers upon the fourth element, whether the Defendant established that the trial court dismissed the first lawsuit "on the merits." The Defendant argues that the initial order of dismissal controls, that it was final, and that it operated as an adjudication on the merits pursuant to Rule 41.02(3). The Plaintiff argues that the August 4, 2017 order on its "Motion to Reconsider" controls and that it, consistent with Rule 41.02(3), specified that the dismissal of the first lawsuit was not an adjudication on the merits.

There is no doubt that the issue in this case is complicated by the history of the first lawsuit.[5]  The trial court sua sponte dismissed the first lawsuit for failure to prosecute on August 11, 2016, without any notice to the parties that the court was considering this action.[6]  Because the trial court's order did not specify otherwise, the dismissal ordinarily would operate as an adjudication on the merits pursuant to Rule 41.02(3).  See Creech, 281 S.W.3d at 378 (stating that "any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party 'operates as an adjudication upon the merits,' unless the trial court specifies otherwise in its order for dismissal").  However, when the Plaintiff received notice of the dismissal and sought relief from the initial order of dismissal, the trial court entered the August 4, 2017 order, which confirmed dismissal of the first lawsuit but evidenced an intent that the dismissal not constitute an adjudication on the merits.  This convoluted history resulted in a disagreement in the intermediate appellate court over which order was the "operative order" for purposes of res judicata analysis.  Compare Prager, 2020 WL 2319168, at *3, with Prager, 2020 WL 2319168, at *6–7 (Stafford, J., dissenting).

The parties agree that the initial order of dismissal did not specify whether the dismissal of the first lawsuit was with or without prejudice, and the language of Rule 41.02(3) certainly is clear that such a dismissal operates as an adjudication on the merits.  Of course, to establish the defense of res judicata, the Defendant bears the burden of demonstrating that the dismissal was "final and on the merits."  Elvis Presley Enters., 620 S.W.3d at 324 (quoting Jackson, 387 S.W.3d at 491); Napolitano, 535 S.W.3d at 496.  In his dissent, Judge Stafford articulated his "doubt that the initial order of dismissal

---

[5] We reiterate that our resolution of the issue is further complicated by the haphazard manner in which the parties addressed the matter in the trial court.  The Plaintiff's complaint in the present lawsuit said nothing of the first lawsuit.  Nevertheless, the Defendant presented his res judicata defense through a motion to dismiss.  However, the Defendant attached neither the Plaintiff's complaint in the first lawsuit nor the initial order of dismissal, and thus they are missing from the record.  Likewise, the Plaintiff did not include in the record either of his motions that sought relief from the initial order of dismissal, nor does the record contain the trial court's ruling or order on the first of those motions.  We agree that this case has been "plagued by shortcomings," Prager, 2020 WL 2319168, at *7 (Stafford, J., dissenting), several of which fall at the feet of the parties.

[6] We take this opportunity to emphasize that, barring exceptional circumstances, a trial court should always give proper notice to the parties that it is considering a sua sponte dismissal of a lawsuit, even for failure to prosecute.  Likewise, a trial court should always provide proper notice of the entry of such an order in compliance with Rule 58 of the Tennessee Rules of Civil Procedure.  The trial court failed to provide either notice in this case.

constituted a final judgment under Rule 58." Prager, 2020 WL 2319168, at *5 (Stafford, J., dissenting).

Rule 58 of the Tennessee Rules of Civil Procedure, in pertinent part, provides:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:

    (1)    the signatures of the judge and all parties or counsel, or

    (2)    the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

    (3)    the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58. These requirements in Rule 58 are intended "to provide litigants with timely notice of the entry of final, appealable orders in their cases." DeLong v. Vanderbilt Univ., 186 S.W.3d 506, 510 (Tenn. Ct. App. 2005).

Noting that the record did not contain the initial order of dismissal, Judge Stafford stated that the fact that the parties were not served with the order "calls into question whether the technical component of finality was met." Prager, 2020 WL 2319168, at *5 (Stafford, J., dissenting). We share Judge Stafford's concern about the absence from the record of the initial order of dismissal. The absence leaves uncertainty as to whether the order complied with Rule 58, for there is no evidence that the trial court included a certificate of service on its sua sponte order of dismissal. See Tenn. R. Civ. P. 58(3). However, regardless of "whether the technical component of finality was met" with respect to the initial order of dismissal, we conclude that the subsequent history of the first lawsuit reflects that the ultimate dismissal was not "on the merits" for purposes of res judicata.

The initial order of dismissal was entered on August 11, 2016. After learning of the existence of the order on June 29, 2017, the Plaintiff promptly sought to set aside the order.[7]

_____

[7] The record does not reveal exactly when the Plaintiff sought relief, for it does not contain either of the Plaintiff's motions. However, the record does demonstrate that the Plaintiff's request for relief

- 10 -

Because the record does not contain the Plaintiff's motions in this regard, the precise grounds are unknown. However, the known circumstances point to excusable neglect under Rule 60.02 of the Tennessee Rules of Civil Procedure as the avenue for relief. See Henry v. Goins, 104 S.W.3d 475, 480–81 (Tenn. 2003) (finding the entry of an involuntary dismissal to be a "critical step" in a lawsuit and stating "[w]hen a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect"); Chambers v. Dillow, 713 S.W.2d 896, 898 (Tenn. 1986) (finding that in spite of the absence of the relevant motion from the record, a dismissal for failure to prosecute points to excusable neglect under Rule 60.02 as the ground for relief from the judgment). In identifying various grounds for relief from "a final judgment, order or proceeding," Rule 60.02 "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedure rules." Rogers v. Estate of Russell, 50 S.W.3d 441, 444–45 (Tenn. Ct. App. 2001) (quoting Banks v. Dement Constr. Co., 817 S.W.2d 16, 18 (Tenn. 1991)). However, certain grounds for relief—including mistake, inadvertence, surprise or excusable neglect—must be sought "not more than one year after the judgment, order or proceeding was entered or taken." Tenn. R. Civ. P. 60.02. The circumstances of this case reflect that the Plaintiff sought relief from the initial order of dismissal within a year. Thus, after learning of the existence of the initial order of dismissal, the Plaintiff both promptly and timely sought relief from the order.[8]

The record contains the August 4, 2017 order in which the trial court addressed the Plaintiff's request for relief. In that order, the trial court confirmed its dismissal of the first lawsuit under Rule 41 for failure to prosecute. However, the order expressly stated, "Unless it is designated 'with prejudice', [sic] it is neither with or without prejudice and that doesn't bar a refiling of the suit." The order also expressly incorporated the transcript of the trial court's verbal ruling, which is almost verbatim the language used in the written order.

---

ultimately was disposed of on August 4, 2017, little more than a month after the Plaintiff learned of the existence of the initial order of dismissal.

[8] Although we have discussed the Plaintiff's Rule 60.02 efforts with respect to the first lawsuit in some detail, whether the trial court correctly declined to set aside the dismissal and allow for the resumption of the first lawsuit is not the question before us. The question we face involves the present lawsuit and whether it is barred by res judicata. Thus, the salient point from our discussion of the Plaintiff's Rule 60.02 efforts is that the Plaintiff timely sought an available avenue of relief from the initial order of dismissal, which resulted in the trial court's entry of the August 4, 2017 order.

Rule 41.02(3) provides that, other than in certain identified circumstances, an involuntary dismissal operates as an adjudication on the merits "[u]nless the court in its order for dismissal otherwise specifies." Obviously, the trial court's verbal ruling and the corresponding language of the August 4, 2017 order exhibit an incorrect reading of Rule 41.02(3). However, Rule 41.02(3) does not require that the trial court use special language. Rather, Rule 41.02(3) simply requires that the trial court "manifest an intention on the record that the judgment shall not bar another action on the same claim." Restatement (Second) of Judgments § 20 cmt. i. The trial court's August 4, 2017 order did just that in spite of its incorrect statement of the law.[9]

In finding that res judicata barred the present lawsuit, the trial court characterized its verbal ruling that the Plaintiff was free to refile its lawsuit as a "side bar comment." Like the Court of Appeals—both the majority and the dissent—we cannot agree with any suggestion that the language lacked significance. The August 4, 2017 order clearly states that the dismissal of the first lawsuit "doesn't bar a refiling of the suit." Furthermore, the language goes to the very heart of Rule 41.02(3) in that it manifests an intention that the involuntary dismissal of the first lawsuit not operate as an adjudication on the merits. These circumstances demonstrate that our courts must take care to articulate the governing law accurately.[10]

Having determined that the August 4, 2017 order reflects that the dismissal of the first lawsuit did not operate as an adjudication on the merits, we further conclude that the August 4, 2017 order is the "operative order" for purposes of our res judicata analysis, even considering the initial order of dismissal as a final judgment. We previously have held that "when consecutive 'final' judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment." Ball v. McDowell, 288 S.W.3d 833, 838 (Tenn. 2009). In this case, the August 4, 2017 order affected the parties' substantive rights

---

[9] The transcript of the trial court's verbal ruling, incorporated into the August 4, 2017 order, suggests that the same could be said of the trial court's earlier ruling on the Plaintiff's motion to set aside the initial order of dismissal. The record does not contain that order, and the parties have indicated simply that the trial court denied the Plaintiff's motion. However, the transcript reflects that after the operative language that also appeared in the August 4, 2017 order, the trial court stated: "We went through that when you were here over a month ago. And that's where we still stand. You're welcome to refile the suit." Thus, it appears from the record that the trial court's rulings with respect to the Plaintiff's attempts to obtain relief from the initial order of dismissal were consistent.

[10] Indeed, the record indicates that had the trial court ruled that the dismissal of the first lawsuit was with prejudice, the Plaintiff in all probability would have appealed rather than refiled its lawsuit.

or obligations in that it provided that the dismissal did not operate as an adjudication on the merits. As such, the Plaintiff's substantive rights in light of the August 4, 2017 order included the ability to refile its lawsuit rather than appeal the dismissal.

Notwithstanding the established principles supporting the doctrine of res judicata, Tennessee law favors the adjudication of disputes on their merits. See Norton v. Everhart, 895 S.W.2d 317, 322 (Tenn. 1995); Keck v. Nationwide Sys., Inc., 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). Indeed, the Tennessee Rules of Civil Procedure seek "to [e]nsure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." Doyle v. Frost, 49 S.W.3d 853, 856 (Tenn. 2001) (quoting Karash v. Pigott, 530 S.W.2d 775, 777 (Tenn. 1975)). Given the preference for the resolution of disputes on their merits, "[i]n defining the scope of res judicata, this Court has long been careful to balance the doctrine's benefits of efficient proceedings and finality and consistency of judgments with the dangers of unduly limiting the rights of litigants to have all of their claims heard on the merits." Creech, 281 S.W.3d at 381. In this case, the Defendant failed to establish that the dismissal of the first lawsuit for failure to prosecute was "on the merits." Therefore, we conclude that the doctrine of res judicata does not bar the Plaintiff's present lawsuit.

## III.    CONCLUSION

For the foregoing reasons, we reverse the decision of the Court of Appeals and vacate the judgment dismissing the present lawsuit. We conclude that the involuntary dismissal of the first lawsuit for failure to prosecute did not operate as an adjudication on the merits because the record reflects that the trial court, in its August 4, 2017 order, specified that it did not. Accordingly, we hold that the present lawsuit is not barred by the doctrine of res judicata. We reinstate the present lawsuit and remand the case to the trial court for further proceedings.

The costs of this appeal are taxed to the Defendant, for which execution may issue if necessary.

_____
JEFFREY S. BIVINS, CHIEF JUSTICE