*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0217p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DEBORAH THORNTON,

        *Plaintiff-Appellant,*

    *v.*

FEDERAL EXPRESS CORPORATION d/b/a FEDEX EXPRESS,

        *Defendant-Appellee.*

No. 07-5116

>

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 05-02247—J. Daniel Breen, District Judge.

Submitted: June 6, 2008

Decided and Filed: June 24, 2008

Before: DAUGHTREY, CLAY, and McKEAGUE, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Karen Vaughan McManus, FEDEX CORPORATION, Memphis, Tennessee, for Appellee. Deborah Thornton, Moscow, Tennessee, pro se.

---

## OPINION

---

McKEAGUE, Circuit Judge. Plaintiff-appellant Deborah Thornton is a former employee of Federal Express Corporation ("FedEx"). She was discharged on August 24, 2004, when, after a 16-month leave of absence, she did not return to work, despite being notified of return-to-work opportunities. Plaintiff had taken the leave of absence due to stress stemming from sexual harassment by her immediate supervisor, David Bragorgos. Plaintiff did not pursue the return-to-work opportunities because she continued to receive treatment for panic disorder and fibromyalgia from health care providers who she says had not released her to return to work.

Plaintiff commenced this action in the Western District of Tennessee on April 1, 2005, charging FedEx with sex discrimination and retaliation, in violation of federal and state civil rights laws, and with discrimination based on her disability, in violation of the Americans with Disabilities Act. Defendant FedEx's motion for summary judgment was granted by the district court in a 19-

page opinion and order dated January 22, 2007.[1] Proceeding *pro se*, plaintiff appeals from the district court's judgment, contending the court failed to view the record evidence in the light most favorable to her. For the reasons that follow, we affirm.

## I

Having duly considered the record in light of the parties' appellate arguments, we find the district court's opinion to be clear and well-reasoned in most respects. First, we find no error in the holding that plaintiff's *quid pro quo* sexual harassment claim under Title VII fails for lack of evidence that plaintiff suffered a tangible job detriment due to her rejection of Bragorgos's sexual advances. As the district court explained, the courier route change that precipitated plaintiff's request for a leave of absence, though personally inconvenient one day of the week, clearly did not entail an increase in responsibilities or a demotion or loss of pay or benefits that would satisfy the "materially adverse change" element of such a claim. Moreover, the courier route change was hardly a *fait accompli*, but was a change in-progress, subject to continuing negotiation between plaintiff and management at the time she took her leave of absence.

Second, the district court correctly awarded summary judgment to FedEx on plaintiff's claim under the Americans with Disabilities Act ("ADA") for lack of adequate showing that she suffers from a "disability," i.e., an impairment that substantially limits a major life activity. Despite plaintiff's protestations, a disability determination by the Social Security Administration, even if substantiated, would not be controlling. Plaintiff has failed to identify evidence demonstrating that she suffers from an impairment that substantially limits her in a major life activity or that FedEx discharged or otherwise discriminated against her because of such an impairment.

Third, plaintiff's Title VII claim that FedEx retaliated against her because she complained about Bragorgos's harassment also lacks evidentiary support. The mere fact that she was eventually terminated after having filed a complaint with the Equal Employment Opportunity Commission does not justify an inference that there is a causal connection between the two events. We therefore find no error in the award of summary judgment to FedEx on plaintiff's Title VII retaliation claim.

## II

As to plaintiff's Title VII sexual harassment claim based on hostile work environment, however, we find the district court's analysis incomplete. The district court fairly considered the evidence of Bragorgos's harassing conduct, but concluded that it was not sufficiently severe and pervasive to create an actionable hostile work environment. Citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998), the court characterized Bragorgos's conduct as more akin to "simple teasing, offhand comments, and isolated incidents," rather than "discriminatory intimidation, ridicule, and insult" sufficiently serious to have altered the conditions of plaintiff's employment.

In order to establish a *prima facie* case of hostile work environment based on sexual harassment, plaintiff must show by a preponderance of the evidence: (1) that she was a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment unreasonably interfered with her work performance by creating a hostile, offensive, or intimidating work environment; and (5) that there is a basis for employer liability. *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999).

There is no question that the first three elements of this standard are met on the present record. To assess the fourth element, the court must consider "'all of the circumstances,' including

---

[1] The district court awarded summary judgment to FedEx on plaintiff's claims under federal law and then, declining to exercise continuing supplemental jurisdiction, dismissed the state law claims without prejudice.

'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's performance.'" *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993)). The "conduct in question must be judged by both an objective and a subjective standard: the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the victim must subjectively regard that environment as abusive." *Id.* at 658 (quoting *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 826 (6th Cir. 1997)).

The district court minimized the offensive nature of Bragorgos's comments and behavior. Viewing the record in the light most favorable to plaintiff, however, we are satisfied that it establishes a genuine fact issue on the fourth element of her *prima facie* case. Although there is little evidence that Bragorgos was physically intimidating, his continuous preoccupation with sex talk and persistent unwelcome advances, often targeted at plaintiff, were degrading, offensive, increasingly intimidating and inexcusable. A reasonable jury could conclude that a reasonable person, directly subordinate to Bragorgos, would find the work environment offensive.

There is support for FedEx's position that, for much of the two years plaintiff was subject to Bragorgos's supervision, she endeavored not to take him too seriously and patiently tolerated his misbehavior. Yet, the impression is inescapable that during the months of February to April 2003, Bragorgos put increasing pressure on plaintiff "to consummate their relationship" before his upcoming wedding. As this pressure coincided with tensions resultant from courier route adjustments being made in the Spring of 2003, tensions that Bragorgos seemed to exploit rather than alleviate, plaintiff clearly began to view the work environment as hostile and abusive. Judging Bragorgos's alleged conduct objectively and subjectively, we find that the facts adduced create a genuine question as to whether the work environment was hostile.

The hostile work environment claim is not brought against Bragorgos, however, but against plaintiff's employer, FedEx. As to the fifth element of plaintiff's *prima facie* case, FedEx is vicariously liable for sexual harassment by Bragorgos, her supervisor, unless FedEx establishes its affirmative defense by a preponderance of the evidence. FedEx does this by demonstrating (a) that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (b) that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Faragher*, 524 U.S. at 807; *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Jackson*, 191 F.3d at 659.[2]

Generally, an employer satisfies the first part of this two-part standard when it has promulgated and enforced a sexual harassment policy. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807. "[A]n effective harassment policy should at least: (1) require supervisors to report incidents of sexual harassment; (2) permit both informal and formal complaints of harassment to be made; (3) provide a mechanism for bypassing a harassing supervisor when making a complaint; and (4) provide for training regarding the policy." *Clark v. United Parcel Service, Inc.*, 400 F.3d at 341, 349-50 (6th Cir. 2005) (citations omitted).

---

[2]The district court did not address this fifth element of the *prima facie* case because it erroneously concluded that plaintiff had not satisfied the fourth element. Because we review the grant of summary judgment *de novo*, we may affirm the judgment on grounds other than those employed by the lower court, as long as the party opposing summary judgment is not denied the opportunity to respond. *Carver v. Dennis*, 104 F.3d 847, 849 (6th Cir. 1997). Here, the factual record has been adequately developed on the fifth element and both parties have asserted appellate arguments under the governing standards. We therefore proceed to address the question whether there is a genuine issue of material fact on FedEx's affirmative defense.

There is no dispute that FedEx had promulgated and disseminated a facially effective sexual harassment policy. Plaintiff acknowledges having received more than one copy of the Employee Handbook, which contained a summary of the policy. Plaintiff became so familiar with the handbook, she referred to it as her "Bible," although she did not become familiar with the sexual harassment policy until after her leave of absence commenced. Plaintiff was also aware that the People Manual, containing a more detailed description of personnel policies, was accessible to employees in the office.

The closer question, in connection with FedEx's affirmative defense, is whether plaintiff has been shown to have been unreasonable in failing to use available preventive and corrective measures to avoid harm. Plaintiff did not report the sexual harassment until June 2003, two months after her leave of absence had begun, as she requested an extension of her leave. While plaintiff remained on leave, an internal investigation was promptly undertaken by FedEx. Bragorgos denied wrongdoing; other employees were unable to corroborate plaintiff's allegations; and the complaint of misconduct was deemed not to have been confirmed by the investigation. Yet, plaintiff was offered the opportunity to return to work under supervision of a different manager involving courier routes within her schedule preferences. In other words, plaintiff's eventual use of the harassment policy complaint procedure yielded the offer of a remedy that would have potentially cured both stress-producing conditions, i.e., her subordinate relationship to Bragorgos and her schedule difficulties. Plaintiff declined, for the reason that a psychologist and a psychiatrist with whom she consulted in July 2003 indicated she was experiencing work-related stress and was unable to return to work. Plaintiff was granted a one-year workers' compensation medical leave of absence, during which time she continued to refuse to return to work. Finally, in August 2004, after notice, plaintiff was terminated in accordance with FedEx policy.

Plaintiff attempts to justify her failure to earlier report Bragorgos's misconduct by explaining that she feared retaliation. When she did report the harassment, she contends, FedEx responded by conducting only a superficial investigation. She contends she did not accept FedEx's accommodating return-to-work offers because she was physically unable to. Under these circumstances, she maintains her failure to take advantage of available preventive and corrective measures was reasonable.

First, "an employee's subjective fears of confrontation, unpleasantness or retaliation do not alleviate the employee's duty under *Ellerth* to alert the employer to the allegedly hostile environment." *Williams v. Missouri Dep't of Mental Health*, 407 F.3d 972, 977 (8th Cir. 2005) (quoting *Shaw v. AutoZone, Inc.*, 180 F.3d 806, 813 (7th Cir. 1999)). *See also Barrett v. Applied Radiant Energy Corp.*, 240 F.3d 262, 268 (4th Cir. 2001). Plaintiff has not adduced evidence demonstrating that she was under a "credible threat of retaliation." *Walton v. Johnson & Johnson Servs., Inc.*, 347 F.3d 1272, 1290-91 (11th Cir. 2003). Second, plaintiff's dissatisfaction with the investigation does not justify her rejection of the corrective action taken by FedEx, which was reasonably designed to eliminate the complained-of stressors in plaintiff's work. *See Weger v. City of Ladue*, 500 F.3d 710, 723 (8th Cir. 2007); *Walton*, 347 F.3d at 1288. Finally, the record does not substantiate plaintiff's contention that she was unable to return to work prior to August 2004 and falls far short of demonstrating that any continuing difficulties were caused by any inadequacy in FedEx's preventive or corrective measures.

We therefore conclude that the record clearly supports the finding by a preponderance of the evidence that plaintiff's failure to take advantage of FedEx's preventive and corrective measures was unreasonable. It follows that FedEx has established its *Ellerth/Faragher* affirmative defense to employer liability. The award of summary judgment to FedEx on plaintiff's hostile work environment claim is also properly affirmed, albeit on grounds other than those relied on by the district court.

**III**

Accordingly, for the reasons stated by the district court in its opinion, as augmented by this opinion, the district court's judgment in favor of FedEx is **AFFIRMED**.